John R. Heilman, J.
These are proceedings brought by petitions containing identical charges, alleging each respondent to be a juvenile delinquent. The acts forming the basis for each petition occurred on or about December 30,1971, and if the same had been committed by an adult, would have constituted the crime of criminal trespass in the third degree, a Class B misdemeanor, as defined by section 140.10 of the Penal Law.
The respondents have formally moved to dismiss the respective petitions against them on various constitutional grounds and upon the ground of legal insufficiency.
Paragraph 5 of each petition reads as follows: ‘ ‘ 5. (Upon information and belief,) on or about December 30, 1971 at 6:30 p.m., said Respondent (set forth a concise statement of alleged delinquent acts) is a minor person (age of respective respondents) who knowingly enters or remains unlawfully in a building, or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders, to wit: At the aforementioned time and date did enter and remain in a building namely the Hellenic Center situate at 24 Park Avenue in the City of Poughkeepsie, New York, and further that the aforesaid Center was secured and locked to exclude persons from entering during renovations, that the respondent, (name of respective respondents) was observed by another, namely, Robert Kowalski, of 46 De Carmo Hills Road, Town of Wappinger Falls, New York. That this petition is based on the personal observations of Robert Kowalski, certain conversations and statements of the respondent and information and belief, the basis for this information being a Youth Bureau investigation conducted in and for the City of Poughkeepsie Police Department.” Each petition was sworn to by David Evans, who apparently- had no personal knowledge of the facts contained therein. The petitions were not supported by other depositions or affidavits.
This court has previously stated, with certain qualifications, that an information based solely upon information and belief is insufficient in matters of this nature. (Matter of Walsh, 59 Misc 2d 917, 921.) This ruling was cited with favor in a recent decision of the Suffolk County Family Court involving a person in need of supervision petition. (Matter of Michael E., 68 Misc 2d 487.) In rendering its decision the court in Michael E. (supra) noted the determination made by the Court of Appeals in People v. James (4 N Y 2d 482). A concise summary of the minimum requirements of an information in cases involving adult defendants is presented in this latter ruling. *146 That court stated at (p. 486): “ It is in this context that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.”
In the instant cases the petitioner would not be competent to testify in support of his allegations. In addition there were no supporting depositions of persons having personal knowledge of the facts. The only avenue left open for examination is the sufficiency of the statement of the sources upon which the information of petitioner is allegedly based.
There is no question that the sources of petitioner’s knowledge are identified; however, there is absolutely no indication as to what information was supplied by which of petitioner’s alleged sources. In People v. Jeffries (19 N Y 2d 564), in a case involving an information strikingly similar to the ones at bar, the Court of Appeals ruled that it was insufficient as a matter of law. There it was stated in the information that the allegations constituting the offense were on information and belief, and the source of such information and the grounds for such belief were conversations between four named persons. The court (p. 566) specifically pointed out that as so constituted, the information failed to indicate “what the conversations were; what the persons knew about the occurrence; what they had seen; or even in what way the ‘ conversations ’ related to the offense for which defendant was prosecuted”. Had the information so specified, it may have then come within the purview of another case decided by the Court of Appeals on the same day as Jeffries (supra), People v. Tennyson (19 N Y 2d 573).
To use the same characterization as was used by the court in Jeffries (19 N Y 2d 564, 567, supra) to describe the conversations which formed the basis of the information in that case, the data contained in the petitions herein ‘ ‘ could mean anything or nothing. The undescribed talk could be quite irrelevant. Not even its substance is set forth. The charge rests on hearsay in a vacuum. ’ ’ Just as no criminal prosecution could be properly based on such a flimsy foundation, so no juvenile proceedings should be.
Accordingly, in each case the respondent’s motion is granted and the petitions are dismissed.