Stanley G-artenstein, J.
Two motions having constitutional implications are before the court in this proceeding to adjudicate the respondent a juvenile delinquent.
The petition alleges that respondent, age 14, did attempt to stab one victim and did actually stab a second victim who received 12 sutures in his wrist and 10 in his lip.
The petition is verified upon information and belief by the arresting officer. The complaining witnesses, with full knowledge of the incidents alleged have never executed either a petition on knowledge or supporting depositions to be filed with the court. Nevertheless, paragraph 9 of the petition, the standard form in use promulgated by the Judicial Conference, reads as follows: “As to the allegations herein made upon information and belief, the sources of petitioner’s information and grounds of belief are the statements and admissions of respondent if any and the statements and depositions of witnesses if any now on file with this Court.” •
Respondent now moves for disclosure in the form of an order directing that he be permitted to examine depositions of complaining witnesses on file; or, in the alternative, that this proceeding be dismissed because the petition, corresponding to the criminal information or indictment, has been verified on information and belief and there are no supporting depositions of complaining witnesses on file.
Respondent further moves for an order of dismissal based upon the undisputed contention that he was not represented by counsel in the informal precourt intake conference at which time he had the opportunity to have this matter adjusted before a petition was drawn. He argues that this deprived him of his constitutional right to counsel.
Respondent concedes that this court’s prior holding in Matter of Frank H. (71 Misc 2d 1042) was directly in point. (The opposing attorneys in that matter are the same attorneys now before the court.) He urges this court not to follow the holding of my brother, the Honorable Ralph E. Goby, claiming that Judge Goby’s decision was based on legislative intent not to allow statements made at intake to be adnlitted on the trial, thus eliminating, by legislative intent, the right to coun *189 sel at intake. It is argned that full reference to the constitutional trend was not made in that decision. The court concurs with the closely reasoned decision of my brother in that matter but will honor respondent’s application that consideration be given to the full constitutional trend which he urges mandates a different result herein.
BIGHT TO COUNSEL AT INTAKE CONEEBENCE
The informal conference prior to judicial proceedings is unique to the system of juvenile justice in the United States. It is a clearing house in which solutions are worked out under the protective eye of court sanctioned social workers which insures the fact that lessons will be learned and the prospective respondent put back into the community with all possible assurance that, having had his brush with the law, he will not return either to this or the Criminal Court. This “ preventive medicine ” stage, unique to the juvenile courts, insures that no one will come to the “ fail safe ” point in contact with the court and not be able to turn back. Sometimes a simple apology will soothe ruffled feelings; often restitution can be worked out to everyone’s satisfaction buttressed by voluntary probation and supervision. Even novel solutions such as cleaning subway graffiti are utilized. In point of fact, with everyone satisfied and the youthful perpetrator haying permanently learned his lesson, in this county alone, for a period between January and November, 1972, statistics show that of 515 delinquency matters handled at intake, 360 were adjusted while 155 were referred to court, a ratio in excess of two thirds disposed of informally.
Should an aggrieved party insist on his right to be heard in court after informal intake has been exhausted, that party may not be prevented from filing a petition and bringing the matter on for adjudication (Family Ct. Rules, rule 7.3; 22 NYCRR 2502.4). Moreover, whether or not a case is adjusted at intake, section 735 of the Family Court Act provides: “No statement made during a preliminary conference may be admitted into evidence at a fact-finding hearing ”.
Does the constitutional right to counsel attach to the intake conference?
PBIOB HOLDINGS OP THE SUPBEME COUBT
The convulsions now being felt throughout the juvenile justice system are the result of a chain of holdings by the United States Supreme Court and the problem of ascertaining what areas were or were not affected. Summarized, these are:
*190 Haley v. Ohio (332 U. S. 596), which held inadmissible a tainted confession to murder hy a 15-year-old boy;
Gallegos v. Colorado (370 U. S. 49), to the same effect where a 14-year-old boy was on trial;
Kent v. United States (383 U. S. 541), in which the court mandated that a juvenile court’s decision as to acceptance or waiver of jurisdiction must be made in accordance with basic due process and fairness;
Matter of Gault (387 U. S. 1), which held the juvenile court procedures subject to the due process clause of the Fourteenth Amendment and to embrace adequate written notice; advice as to right of counsel, retained or appointed; confrontation; cross-examination;.and privilege against self incrimination;
Matter of Winship (397 U. S. 358), requiring a standard of proof beyond a reasonable doubt;
McKeiver v. Pennsylvania (403 U. S. 528), rejecting the claim that juveniles are entitled to jury trials.
From these decisions, the court in McKeiver (403 U. S. 528, supra), stressed that although the hearing (added emphasis) must measure up to essentials of due process, not all rights in connection therewith guaranteed to adults were guaranteed to juveniles, lest this destroy the very fabric of the unique nature of the juvenile court, and in the words of the court (p. 534) “ deprive it of its ‘ informality, flexibility or speed.’ ”
It is significant that the McKeiver (supra, p. 540), court quotes with approval the opinion of Justice Roberts of the Pennsylvania Supreme Court in that matter that “‘of all the possible due process rights which could be applied in the juvenile" courts, the right to trial by jury is the one which would most likely be disruptive of the unique nature of the juvenile process. ’ ” Thus, the criteria of “ ‘ disruptive of the unique nature of the juvenile process ’ ” must, by mandate of the Supreme Court, temper and further define the impact of the Kent-Gault-Winship emphasis on “fundamental fairness” with particular reference to fact-finding procedures.
At all times, "the courts must heed the warning of the - McKeiver court that {supra, p. 545) we are not to “remake the juvenile proceeding into a fully adversary process and * * * put an effective end to what has been the idealistic prospect of an intimate, informal protective proceeding.”
It is argtied that McKeiver (supra) is a step backwards; that it must be limited to its own circumstances; that Winship (397 U. S. 358, supra) evidenced, if anything, an patent to *191 expand the broad scope of Gault (387 U. S. 1, supra), regardless of the subsequent more restrictive holding of McKeiver (supra). This- argument takes no cognizance of the specific language of Gault (supra, p. 13): “ We are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process ”.
One is then referred to Gault (supra, p. 31, n. 48) which states: “ The Nat’l -Crime Comm’n Report recommends that ‘ Juvenile courts should make fullest feasible use of preliminary conferences to dispose of cases short of adjudication.’ * * * Since this £ consent decree ’ procedure would involve neither adjudication of delinquency nor institutionalization, nothing we say in this opinion should be construed as expressing any views with respect to such procedure.”
This court recognizes that the presence of counsel at informal intake would in effect convert that conference to a formal rigid adversary proceeding, halting the free exchange of ideas which is buttressed by statutory absolute privilege, and relegating this conference to the redundancy of a minor trial prior to trial, thereby emasculating the innovative techniques of probation services.
The court holds that the informal intake conference is not part of the adjudication process, therefore not subject in the first instance to Kent-Gault-Winship. However, should future holding deem it to be part of- the hearing procedure, thereby subject to the admonitions of Kent-Gault-Winship, the court holds that McKeiver’s (403 U. S. 528, supra) criteria of “ disruptive of the juvenile process ” would form sufficient basis for excluding the right to counsel at the intake conference, especially in view of the absolute statutory privilege of section 735.
It is always in order to recall the admonition of the McKeiver court (403 U. S. 528, 551, supra): “ If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence.”
The motion is accordingly denied.
INSUFFICIENCY OF PLEADINGS
We turn now tó the motion to dismiss based upon the failure to file depositions of complaining witnesses. The fatal nature of this defect in ordinary criminal proceedings is apparent from the holding of the Court of Appeals in People v. Jeffries (19 N Y 2d 564) and its compilation of prior authority.
*192 The court notes the recent adjudication by my brother, Hon. John R. Heilman in Dutchess County, in Matter of Howe (70 Misc 2d 144), to this effect in Juvenile proceedings.
Because the practice of neglecting to file supporting depositions appears to be common, the court finds it necessary to underscore the basic requirements of due process.
At this late post -Gault date, it should be unnecessary to repeat that insofar as the fact-finding stages of juvenile procedure are concernedT' and particularly as regards constitutionally acceptable notice of pending charges, these rights are specifically guaranteed. Even McKeiver (403 U. S. 528, supra), which seemed to limit the, Kent-Gault-WinsJiip trend, emphasized that sufficient notice in fact-finding proceedings is a basic constitutional requirement.
The mandate that supporting depositions be filed where charges are on information and belief, is built into the Criminal Procedure Law in CPL 100.40. The comment of the commission staff amply demonstrates the reason for requiring depositions supporting a “legally sufficient case”; “Relaxation of that rule would allow trial or prosecution of a defendant in a superior court upon a serious charge when the people have never previously shown a prima facie or legally sufficient case against him in any court or even in any sworn instrument. Such a rule is not deemed salutory.”
There should be nothing radical about this rationale. It has in fact been adopted by the Judicial Conference and embodied in paragraph 9 of the standard form. The practice of ignoring this paragraph or the legal requirement which it represents is no more justified by repetition than is any other bad habit. It is most appropriate that this omission come to an immediate halt.
The motion is granted. Petition dismissed on the pleadings without prejudice and with leave to renew upon legally sufficient allegations and pleadings.