Per Curiam.

At issue is the extent to which foster parents, in proceedings under section 392 of the Social Services Law, should have access to the confidential records kept by authorized child care agencies concerning the child and his natural parents.
The mother of Louis F. voluntarily entrusted him, four months after he was born, to the New York City Department of Social Services for foster care. Three and a half years later the foster parents by initiating a foster care review proceeding sought to free the child for possible adoption (Social Services Law, § 392, subd 7, par [c]). They moved for prehearing disclosure of agency records relating to the boy and his natural parents.
*264 Respondents are the natural mother, the city Department of Social Services, and the Catholic Home Bureau, the agency, by delegation, responsible for finding the foster home. In a separate review proceeding, now consolidated with that of the foster parents, the city Department of Social Services seeks continuation of the foster status looking to the child’s early return to his natural mother (Social Services Law, § 392, subd 7, par [a]).
Family Court, after an in camera review of the confidential records, denied the discovery motion. The Appellate Division affirmed, and the foster parents appeal.
There should be an affirmance. Proper regard for encouraging open communication with the natural parents requires that the confidential records kept by child care agencies be produced only under limited circumstances. Foster parents’ interests are sufficiently served when availability is premised upon an independent showing of necessity and a cautious screening, in camera, by the court.
The purpose of the instant disclosure motion, and the supporting and opposing arguments, are adequately summarized in the opinion by Mr. Justice Vincent A. Lupiano at the Appellate Division. One critical circumstance, however, was not mentioned. Not only was a Law Guardian appointed to represent the child, but she apparently had access to the confidential agency records.
To be sure, foster parents have an explicit statutory right to initiate, let alone participate in, foster care status review proceedings (Social Services Law, § 392, subd 2, par [c]; subd 4, par [c]). But the right to demand disclosure must reflect the nature and purposes of foster care. In that regard, in Matter of Bennett v Jeffreys (40 NY2d 543, 552, n 2), this court recently rejected "the notion * * * that third-party custodians may acquire some sort of squatter’s rights in another’s child” (see, generally, Smith v Organization of Foster Families, 431 US 816, esp p 864, n 54). In particular, this court explained that the "rights” of foster parents are derivative, enjoyed only "by virtue of the child’s best interests being considered” (40 NY2d, p 552, n 2).
To safeguard both the child and its natural parents, it is imperative that the extensive records customarily kept by authorized child care agencies, often containing probing and confidential information, not be easily disclosed (see Social *265 Services Law, § 372). To that end, the Appellate Division correctly required, preliminarily, that there be a showing of necessity for an in camera viewing. If that necessity be present, a favorable determination permitting disclosure may, if otherwise justified, ensue (see, also, Matter of Carla L., 45 AD2d 375, 387).
As noted earlier, a Law Guardian had been appointed to represent the interests of the child. In evaluating the foster parents’ alleged need to override the confidentiality of the social agency’s records, it is highly significant that the Law Guardian evidently had free access to those records. Such access, if available to a competent and objective representative of the child’s interests, is generally an adequate safeguard. Thus, in the absence of cogent reason for questioning the Appellate Division’s discretionary determination, applying proper standards, its disposition should not be disturbed.
As suggested by Community Action for Legal Services, Inc., amicus curiae, it is not unusual for social agencies, in a section 392 proceeding, to place portions of a record affecting the child into evidence, and that in such case a different rule should perhaps obtain. What such rule should be it is neither necessary nor appropriate to consider now. Amicus argues, however, that in such event the agencies should, prior to the hearing, notify the parties of their intention. Then they argue, if the records are ruled admissible as a preliminary matter, disclosure should be made available to the foster parents.
The foregoing analysis not only safeguards natural parents from undue intrusion into confidential matters and encourages free communication between them and the social agencies, but it also accords foster parents adequate opportunity for disclosure commensurate with their legitimate interest in the child’s foster care status. Most important, however, it implements the statutory mandate that, at the close of a section 392 proceeding, an order of disposition be entered "in accordance with the best interest of the child” (Social Services Law, § 392, subd 7).
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
*266 Order affirmed, without costs. Question certified answered in the affirmative.