*908 OPINION OF THE COURT
Jack Turret, J.
In this delinquency proceeding respondent moves to dismiss for failure to state a claim, based on a lack of supporting affidavits for the complaint sworn on information and belief by a police officer. The action originated in the Criminal Court as a felony complaint charging the 15-year-old respondent with second degree robbery and attempted robbery, and was removed to the Family Court pursuant to CPL 180.75 on January 24, 1980.
Although section 731 of the Family Court Act is silent on the issue, recent case law has established that the standards of sufficiency governing informations under the Criminal Procedure Law are applicable in Family Court delinquency proceedings. (Matter of Walsh, 59 Misc 2d 917; Matter of David A. L., 64 Misc 2d 360; Matter of Howe, 70 Misc 2d 144; Beaudoin v Harris, 88 Misc 2d 1054.) A petition based on information and belief must, therefore, "be based on competent legal evidence * * * 0r * * * be supported by depositions, or that at least the sources of information and grounds of the belief be stated.” (People v James, 4 NY2d 482, 486.)
This petition in the form of an order of removal is brought pursuant to subdivision 3 of section 731 of the Family Court Act and is "deemed to be a petition filed pursuant to subdivision one of this section containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed.” The court therefore deems the basic jurisdictional facts pleaded: that the respondent is between the ages of 7 and 16 years; that he committed an act, which, if done by an adult, would constitute a crime; and that he is in need of supervision, treatment or confinement. However, there is no authority in the statute or decisional law for "deeming” the petition sufficient when other jurisdictional defects are apparent. The lack of supporting affidavits for the officer’s statements based on information and belief is an independent basis for attack, not "cured” by the language in subdivision 3 of section 731 of the Family Court Act.
A case removed to this court from Criminal Court is to be treated procedurally as any other Family Court case, and accordingly, under settled Family Court procedures, the failure of the petitioner to file statements providing the sources and grounds of his belief constitutes a jurisdictional defect *909 resulting in dismissal of the petition without prejudice. Had the official Family Court delinquency petition form been used in the first instance, there would be no doubt that supporting depositions would be required. See paragraph 9 of the formal delinquency petition: "As to the allegations herein made upon information and belief, the sources of Petitioner’s information and grounds of belief are the statements and admissions of respondent, if any, made to your petitioner, and the statements and depositions of witnesses, if any, made to your petitioner now on ñle with this Court. ” (Emphasis added.)
This case was removed from the Criminal Court and transmitted to this court unaccompanied by any accusatory instrument, such as an indictment, based upon sworn statements of those with actual knowledge of the events underlying the charge. Procedures governing the implementation of recent statutory changes embodied in the Juvenile Offender Laws of 1978 and 1979 have not yet been clearly and smoothly established. Nevertheless, the due process requirements of the statutes and relevant case law establish that a juvenile respondent is entitled, as a matter of law, to be charged upon a petition that satisfies the sufficiency standards of the Criminal Procedure Law, and "the Assistant Corporation Counsel does have an obligation to present a legally sufficient petition or request time to cure any defect.” (Matter of Martin D., 100 Misc 2d 339, 343-344, n 5.)
This matter was earlier adjourned for trial on February 8, 1980. The Assistant Corporation Counsel is afforded time until 5:00 p.m., February 6, in which to cure the defect by the addition of sworn affidavits of the complainants. Failing compliance, the motion is granted and the petition dismissed without prejudice.