OPINION OF THE COURT
Jack Turret, J.
Incorporating a policy promulgated nearly 10 years ago by the District Attorneys of New York and Bronx Counties to provide for “full disclosure” in criminal matters (see NYU, Jan. 10, 1974, p 1, col 5),* Corporation Counsel has adopted in juvenile delinquency matters their use of a voluntary disclosure form (VDF). The enactment of the new article 3 of the Family Court Act (L 1982, ch 920) places the Corporation Counsel on the same level as the District Attorney in the prosecution of all delinquency matters not involving a designated felony act. The Corporation Counsel is now a presentment agency (Family Ct Act, § 301.2, subd 12; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 301.2, p 276). The question is: May use of a VDF be employed in Family Court with a copy placed in the court’s file?
In the instant case, the VDF was served upon respondent’s counsel on the record and a copy filed with the court. *233 It is the filing with the court that respondent has objected to by way of a motion seeking the VDF’s removal from the court’s file. Respondent argues: (1) “the ‘VDF’ is not an authorized discovery device under the Family Court Act”; (2) its presence in the file is “highly prejudicial and unfair” and “can only be seen as an attempt by the presentment agency to restructure the voluntary discovery process by involving the Court”.
Another Family Court Judge in Matter of Lynette L. (121 Misc 2d 530) granted a similar motion. This court respectfully disagrees and denies the application.
Guidance as to interpretation and application of the discovery portions of the new article 3 of the Family Court Act (eff July 1, 1983) may be found in CPL article 240 and relevant case law (Family Ct Act, § 303.1, subd 2; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 331.7, p 427). Enactment of the new discovery article in the adult system (CPL art 240), upon which discovery under article 3 of the Family Court Act was patterned, codified previously informal pretrial discovery procedures in an attempt to liberalize discovery and avoid unnecessary resort to the courts for resolution of these matters (People v McLoughlin, 104 Misc 2d 730; Governor’s Memorandum, NY Legis Ann, 1979, p 250; Memorandum of Office of Court Administration, McKinney’s Session Laws of NY, 1979, p 1888). The voluntary disclosure form serves this purpose.
The court finds appropriate in its consideration of the instant application the words of the court in People v Carbonaro (NYLJ, April 28, 1980, p 16, col 1), spoken in the context of an application for a protective order, “CPL 240.50 obviously contemplates having the court to Whom the application for a protective order is made to make a careful review of the subject matter whose discovery is sought. Without a careful review it would be impossible for a court to decide whether to ‘issue a protective order denying, limiting, conditioning, delaying or regulating discovery’ (CPL 240.50, subdiv 1).”
Responses to aspects of a respondent’s omnibus discovery motion are often “see VDF, item number_”. Were a court not to have the VDF available, how could it properly *234 decide whether respondent’s demands were complied with in deciding such a motion?
It has long been held appropriate for a court to perform an “in camera” inspection of privileged matters and confidential materials to determine the extent of the appropriateness of their discovery and use at trial (see Kerr v United States Dist. Ct., 426 US 394, 405-406; United States v Nixon, 418 US 683, 714; United States v Chacon, 564 F2d 1373, 1375; Matter of Roman, 97 Misc 2d 782, 785).
The VDF as part of the discovery process often necessarily becomes part and parcel to a decision on a relevant motion (e.g., speedy trial motion, motion for preclusion for lack of proper CPL 710.30 notice, etc.). The VDF’s availability and the knowledge of its contents have been used in this context and the propriety of such never questioned by appellate courts, trial courts and Motion Parts in the adult system (see People v Brown, 56 NY2d 242, 247; People v Pena, 50 NY2d 400, 408, cert den 449 US 1087; People v Huth, 92 AD2d 778, 779; People v Roberto H., 67 AD2d 549, 551; People v Vargas, 118 Misc 2d 477,478; People v Ebron, 116 Misc 2d 774, 775; People v Gross, 100 Misc 2d 617, 619; People v Zagarino, 97 Misc 2d 181, 184; People v Merced, 119 Misc 2d 238).
Trial Judges in nonjury cases may preside even though they have conducted a pretrial hearing on the voluntariness of a confession (People v Brown, 24 NY2d 168) or they have held a pretrial Sandoval hearing (People v Lombardi, 76 AD2d 891). A Judge conducting a Huntley hearing is permitted to hear the contents of the statement sought to be suppressed (People v David, 44 AD2d 548). If a Judge’s knowledge of such potentially highly prejudicial evidence does not warrant his recusal, the mere presence in the court’s file of whatever limited evidence there is in a VDF cannot be viewed as so prejudicial to a respondent that a damper must be placed on Corporation Counsel’s voluntary effort to comply with the spirit of pretrial discovery. That effort is to be applauded. It serves rather than impedes the speedy administration of justice.
Moreover, a Trial Judge is expected to possess that degree of discipline so that perusal of other disclosure *235 items in the file (e.g., bills of particulars, documents produced in response to discovery orders, etc.) will be avoided. A Trial Judge involved in fact finding should never examine these documents until required to by way of pretrial motion or because a ruling on admissibility is required at trial.
Parenthetically, in many cases a respondent’s NYSIS record of prior convictions or arrests is in the court file. A Judge at trial should be concerned with evidence introduced at trial and nothing more. Extraneous matter relative to the case at hand may be reposed in the file. It is not part of the record, and no prejudice should result, nor should be inferred.
Respondent’s motion is denied in its entirety.
Since publication of the Lynette L. decision (supra), the attorneys for many respondents arraigned before me in juvenile delinquency cases have preserved the record by noting their objection to the filing of the VDF. I have deferred a ruling. This decision shall serve to dispose of those objections in all other cases.
Adjourned for Trial Part IV on January 12, 1984.

 This method of disclosure has been recognized as prevailing procedure (see Criminal Trial Advocacy [4th ed], App Div, 1st Dept, Office of Projects Development, 1980, p 148).