OPINION OF THE COURT
Elrich A. Eastman, J.
Upon reargument of this motion, the People urge upon this court the sufficiency of this petition, supported primarily by the respondent’s statement admitting the act. In doing so, the People liken this petition to an indictment and cite the authorities upholding the legal sufficiency of indictments supported by confessions which are prima facie competent.
Respondent opposes this and refers to the statutory scheme as to the nature of the petition and the legal sufficiency thereof. (Family Ct Act, § 311.1, subd 4; § 311.2.) He requests the court to dismiss the petition as legally insufficient for failing to meet the statutory mandate as to a nonhearsay supporting deposition to sustain the factual allegations of the petition. Moreover, he requests that his statement be stricken from the petition as unproperly annexed thereto, and from the file generally.
Under the new juvenile code, made effective July 1, 1983, the provisions of the CPL are not applicable to Family Court proceedings unless specifically provided therefor. However, under subdivision 2 of section 303.1 of the Family Court Act “A court may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provi *837 sions of this article.” To that end, this court notes that the language of section 311.2 of the Family Court Act tracks in substance that of CPL 100.40 relating to informations in criminal court. Thus, case law applicable thereto may be used to interpret section 311.2 of the Family Court Act. In the use of the term “supporting deposition” the Family Court Act contains no definition thereof, Black’s Law Dictionary (4th ed, p 527) states that the word deposition “is sometimes * * * as synonymous with ‘affidavit’ or ‘oath,’ but its technical meaning does not include such terms.” CPL 100.20, while not directly applicable, is indeed instructive as to the definition of the term supporting deposition. It defines that term as follows: “A supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.” (Emphasis added.) Subdivision 2 of section 311.2 of the Family Court Act, in providing for supporting depositions, used the terms as construed by CPL 100.20.
In Matter of Anthony S. (73 Misc 2d 187,192), this court, speaking through Judge Gartenstein, stated: “The mandate that supporting depositions be filed where charges are on information and belief, is built into the [CPL] in CPL 100.40. The comment of the commission staff amply demonstrates the reason for requiring depositions supporting a ‘legally sufficient case’: ‘Relaxation of that rule would allow trial or prosecution of a defendant in a superior court upon a serious charge when the people have never previously shown a prima facie or legally sufficient case against him in any court or even in any sworn instrument.’ ”
In this proceeding, this petition is not supported by any sworn statement of a nonhearsay nature. The statement of the respondent is not sworn to as to qualify it as a supporting deposition. This court holds this to be true, notwithstanding the argument posited as to indictments supported *838 by confessions. There the Grand Jury passes upon the presentation, however limited, and makes a finding of probable cause. Underscoring this concept is the language of subdivision 5 of section 325.1 of the Family Court Act which provides in part that when the order of removal is made under GPL 725 “the petition shall be deemed to be based upon a determination that probable cause exists to believe the respondent is a juvenile delinquent and the respondent shall not be entitled to any further inquiry on the subject of whether probable cause exists.” Unlike an indictment no prima facie case is made out before a deliberative body, when a petition is presented to this court. Thus, this court rejects the analogy of an indictment supported by a confession as sufficient to warrant application to a petition in this court where the statutory scheme calls for a “supporting deposition”. The Judge, at arraignment, is not sitting in like manner as a Grand Jury at indictment.
Accordingly, this court finds the supporting affidavit legally insufficient and adheres to its prior decision herein.
With respect to the respondent’s request to strike the admission from the petition, said motion is granted. Under the statutory scheme only nonhearsay supporting depositions are properly appended to the allegations set forth in the petition. This respondent’s admission does not fall within the meaning of a “supporting deposition” and should be removed from the petition. Motion to strike the respondent’s admission from the petition only is granted. As to the file in general the motion is denied, this court having accepted the ruling in Matter of E. C. (122 Misc 2d 232) as to voluntary disclosure.