OPINION OF THE COURT
Jeffry H. Gallet, J.
In this juvenile delinquency proceeding, respondent moves for dismissal of the first three counts of the petition on the grounds that they are jurisdictionally defective because the supporting deposition fails to establish each and every element of the crimes charged by nonhearsay allegations.
*941 THE FACTS
Respondent is charged with committing acts which, if committed by an adult, would constitute the crimes of attempted grand larceny in the fourth degree, petit larceny, criminal mischief in the fourth degree and possession of burglar’s tools.
The petition, which is supported solely by the deposition of Raymond Alberghini, the arresting officer, relates the alleged observations of a witness to events underlying the first three counts.
Except for the hearsay problem, the supporting deposition would be sufficient to support the first three counts of the petition. A deposition specifically attesting to a respondent’s nonownership of, and lack of authority over, certain property is not required where, as here, the surrounding circumstances support that conclusion. A conviction may be based on the type of circumstantial evidence set forth in the supporting deposition. (People v Colon, 28 NY2d 1; People v Borrero, 26 NY2d 430; People v Cleague, 22 NY2d 363; People v Waehowicz, 22 NY2d 369.) To hold the supporting depositions to a higher standard than a conviction would be absurd. (Matter of Rodney J., 108 AD2d 307.)
Respondent argues that the deposition fails to establish reasonable cause to believe he committed any of those acts and that those counts are not supported by nonhearsay statements to establish each element of the crimes. (Family Ct Act § 311.2.) The prosecution stated, in its answering papers, its intent to submit, before trial, the necessary depositions to cure any defects. Those depositions were submitted subsequent to the return date of this motion.
Notably, neither the Alberghini deposition nor the two depositions submitted after the return date of this motion support the possession of burglar’s tools count. The respondent has not moved to dismiss that count.
THE ISSUE
In People v Alejandro (70 NY2d 133) the Court of Appeals dismissed, after trial, as jurisdictionally defective, a misdemeanor information which was not supported by nonhearsay allegations as required for facial sufficiency by CPL 100.40 (1) (c). At issue is whether Alejandro, in effect, overrules the Family Court practice of allowing, by amendment before trial, the submission of nonhearsay depositions to meet the require *942 ments of Family Court Act § 311.2 (3), which is similar in context to CPL 100.40 (1) (c).
THE LAW
Alejandro (supra) differs factually from this case in two significant ways. The first is that it deals with the supporting deposition issue at the posttrial stage rather than, as here, pretrial.
In Alejandro (supra) the Court of Appeals held that a misdemeanor defendant did not waive her right to have each element of her alleged crime supported by a nonhearsay deposition. The court did not address the issue of submitting those depositions after the filing of the information but before trial. However, Judge Bellacosa’s concurring opinion does contemplate the filing of amended or additional supporting papers. (People v Alejandro, supra, at 140.)
The second difference is that the Alejandro deposition completely omitted one of the elements of the crime charged. Here, all of the elements of the crimes charged in the first three counts were alleged, albeit some by hearsay statements.
In this case, there is no issue of surprise or that the respondent was not apprised of the charges he faces. Furthermore, the respondent was served with nonhearsay depositions substantially before the trial date.
In coming to a determination on this motion, I am fully aware of my responsibility to ensure respondent’s full due process rights. (In re Gault, 387 US 1; Matter of Jose D., 102 Misc 2d 907.) That is the primary consideration.
I am further aware of the statutory direction permitting the consideration of judicial interpretations of the Criminal Procedure Law in interpreting a similar provision of the Family Court Act. (Family Ct Act § 303.1 [2].) However, the Legislature clearly did not intend that juvenile delinquency proceedings are generally to be governed by the Criminal Procedure Law. (Family Ct Act § 303.1 [1].) Even if a section of the Criminal Procedure Law and article 3 of the Family Court Act were identical, I still would not be bound by interpretation of the laws of criminal procedure without first establishing that those interpretations reasonably apply to a juvenile delinquency proceeding.
DECISION
Alejandro (supra), does not overrule the established Family *943 Court practice of permitting the filing of corroborating depositions after the filing of the petition, but sufficiently before trial so as not to adversely effect a respondent’s due process rights. This is true "especially where, as here, the petition, as originally drawn, contained the requisite corroboration, albeit in hearsay form.” (Matter of Rodney J., supra, at 314.)
The fourth count must be dismissed. There is no support for it either in the original deposition or in those filed later. I therefore dismissed it sua sponte. (Family Ct Act § 315.1 [2].)