Loins B. Helleb, J.
This is an application by the Edwin Gould Foundation for Children to vacate a subpoena duces tecum relative to the records of the Foundation as to one (anonymous).
Petitioner, now deceased, in a proceeding under section 7-a of the Domestic Relations Law, obtained an order of this court dated February 10, 1960, dissolving his marriage to respondent. Petitioner, who subsequently remarried, died on or about February 21, 1961. An application was made by his widow to the Surrogate’s Court of Kings County for letters of administration on his estate. Respondent in the section 7-a proceeding having learned of the death of petitioner, appeared in the proceedings in the Surrogate’s Court and also commenced the instant proceeding to have the order of dissolution declared null and void on the ground that it was obtained by fraud. On the consent of the parties the matter was referred to Honorable Albebt Coeway, the revered and distinguished former Chief Judge of the Court of Appeals, now Official Referee of that *213 court, to hear and determine. Hearings are now being held before the learned Referee. Respondent’s daughter has been called as a witness and testified. The subpoenaed records are sought solely to test her credibility as a witness. The Foundation moved before the Referee to vacate the subpoena on the ground that the records are confidential and their production could only be compelled upon an application by a person authorized under subdivision 3 of 372 of the Social Welfare Law. The Referee has submitted the application to me under said section since only a Justice of the Supreme Court may order a disclosure of the records.
Section 372 of the Social Welfare Law requires institutions having the custodial care of minors to keep complete, detailed records of persons placed in their care and to make reports to the department (State Department of Social Welfare). (Social Welfare Law, § 372, subds. 1-a-l-j; subd. 2.) Subdivisions 3 and 4 of section 372 of the Social Welfare Law provide the manner and extent to which records so kept may be examined or inspected or information therefrom given. Subdivision 3 of section 372 provides: “ Upon application by a parent, relative or legal guardian of such child or by an authorized agency, after due notice to the institution or authorized agency affected and hearing had thereon, the supreme court may by order direct the officers of such institution or authorized agency to furnish to such parent, relative, legal guardian or authorized agency such extracts from the record relating to such child as the court may deem proper. The department through its authorized agents and employees may examine at all reasonable times the records required by this section to be kept.”
Subdivision 4 provides: ‘ ‘ All such records relating to such children shall be open to the inspection of the board at any reasonable time, and the information called for under this section and such other data as may be required by the board shall be reported to the department, in accordance with the rules of the board. Such records kept by the department shall be deemed confidential and the board shall safeguard them from coming to the knowledge of and from inspection or examination by any person other than one authorized, by the commissioner or by a justice of the supreme court after a notice to all interested persons and a hearing, to receive such knowledge or to make such inspection or examination. No person shall divulge the information thus obtained without authorization so to do by such commissioner or by such justice.”
*214 Both subdivisions, with certain exceptions not here pertinent, require a hearing and an order of the Justice of the Supreme Court before disclosure of information contained in the records or permission to inspect or examine same may be given.
Subdivision 3 has to do with information contained in the records of an institution or authorized agency referred to in this section and requires an application by a parent, relative or legal guardian of the children whose records are sought, and further provides for notice to the institution or agency and a hearing. Only upon such application and after such hearing may the Supreme Court “ direct the officers of such institution or authorised agency to furnish to such parent, relative, legal guardian or authorized agency such extracts from the record relating to such child as the court may deem proper ” (italics supplied).
Subdivision 4 on the other hand, does not relate to the furnishing of institutional records but refers to records “ kept by the department.” With respect to such records the Commissioner or a Justice of the Supreme Court after notice to all interested persons and a hearing may permit a person to inspect or examine such department records (italics supplied).
The two subdivisions are clearly separable. Subdivision 3 has reference to records kept by an institution or authorized agency; subdivision 4 refers to those kept by the department. Subdivision 3 provides for notice of the application to the institution or authorized agency; subdivision 4 provides for notice to all interested persons; subdivision 3 provides for furnishing of such extracts from the records as the court may deem proper; subdivision 4 provides for examination or inspection of department records only.
Since the subpoena duces tecum calls for production of the records of an institution or authorized agency, subdivision 3 is controlling. The application not having been made by a person specified under that subdivision, the court is required to vacate the subpoena. Subdivision 4 has no application since the records subpoenaed are not those of the department.
While the motion to vacate the subpoena duces tecum must be granted for the reasons herein set forth, the court notes, in passing, that it has examined the record which discloses that from 1934 to 1940 the said anonymous was boarded out with various families by the Foundation. The application to vacate the subpoena is granted.