Murray T. Feiden, J.
This is an application to examine the State of New York by an official of the Warwick Training School for Boys, hereinafter referred to as “ Warwick School ” and to examine the records of said school and the records of the Social Services Department of the State of New York with reference to one- Harold Carter, now deceased. The application is made in connection with litigation against the State of New York in" the Court of Claims for damages for personal injuries sustained by the petitioner when he was assaulted by Harold Carter, while released on probation from Warwick School.
*949 By decision dated September 20, 1967, the application to examine the State of New York by an official of the Warwick School was denied and the decision to examine the foregoing records was held in abeyance pending a hearing. The hearing was held on October 11, 1967 after due notice to the respondent, the State of New York, and Catherine Carter, the mother of the deceased. The mother failed to oppose the motion or to appear at the hearing. However, the respondent State of New York opposes the motion to examine the records of both the Warwick School and the. records of the ’Social Services Department.
This court has discretionary authority, after notice to all interested parties and a hearing, to permit an examination of the records of the Social Services Department (Social Services Law [formerly Social Welfare Law], § 372, subd. 4). It appears that the records are relevant to establish the petitioner’s claim, that Harold Carter is noAV deceased, and that his mother has failed to object to disclosure of any confidential matters contained in the records. The court therefore grants the motion to the extent of permitting examination of the records of the Social Services Department pertaining to Harold Carter, deceased, subject to the limitation that only those parts of the records which are relevant to the petitioner’s cause of action shall be available for examination. The examination shall be held at Special Term, Part II of this court under the guidance of the Justice presiding in that part.
Section 372 of the Social Services Law, however, does not permit an examination of the records of the War-wick School as distinguished from the Social Services Department records. Subdivision 3 of that section authorizes an inspection of the school records only upon application by a parent, relative or legal guardian of such child, or by an authorized agency, but petitioner does not come under any of these categories. Subdivision 4 refers only to the records kept by the Social Services Department (Matter of Wade v. Wade, 33 Misc 2d 212). It is argued by the petitioner that since the Warwick School is a State institution in the Social Services Department under section 411 of the Social Services Law, the decision in Matter of Wade (supra) which involved a private institution, is inapplicable and that subdivision 4 of section 372 of the Social Services Law authorizes examination of the records of the Warwick School because said Warwick School is in the Social Services Department. A .reading of section 372 discloses, insofar as it is applicable to keeping of records, that it is equally applicable to public and private institutions of the type involved *950 in this case (§ 372, subd. 2). Although the Warwick School may be an institution in the Social Services Department, nevertheless subdivisions 3 and 4 of section 372 make a definite distinction between examination of records in schools under its jurisdictions and records of the Social Services Department itself. It is not for this court to override the clear legislative distinction, though it may work an injustice in the instant case. The court has not overlooked Matter of Porter [Rooney] (206 Misc. 524) which is contra to Matter of Wade (supra), but has decided to deny the application to-examine the records of the Warwick School for the reasons heretofore set forth.