OPINION OF THE COURT
Richard Lee Price, J.
Motion by respondent for an order compelling the New York City Department of Social Services and the Department of Juvenile Justice to provide respondent with the juvenile records of certain juveniles who were residents of Spofford Juvenile Center and who may testify against him at his disciplinary hearing.
The branch of the motion with respect to the records of Angelo Martinez, the complainant in respondent’s disciplinary proceeding, is withdrawn pursuant to settlement of the parties.
Respondent is employed by petitioner as a counselor at the Spofford Juvenile Center, a juvenile offender detention center. Respondent was charged, pursuant to section 75 of the Civil Service Law, with misconduct for allegedly striking one Angelo Martinez with a metal pipe on December 1, 1980. Respondent was provided with a list of witnesses whom petitioner may call at the disciplinary hearing, their whereabouts and all statements in their possession regarding the incident.
*20 Respondent brings the instant motion for discovery of confidential juvenile history records which he plans to use to impeach the credibility of witnesses who may testify against him at his disciplinary hearing. This application is predicated upon subdivision 4 of section 372 of the Social Services Law which sets forth the limited circumstances under which such records may be disclosed to proper parties.
Section 372 of the Social Services Law requires institutions with custodial care of minors to keep detailed records of persons placed in their care and provides that these records remain confidential. Subdivisions 3 and 4 provide the manner and extent to which records so kept may be examined or inspected or information therefrom given. Both subdivisions require a hearing and on order of a Justice of the Supreme Court before disclosure of information contained in the records or permission to inspect or examine same may be given.
Petitioner contends that respondent has no entitlement to the records he seeks. Subdivision 4 of section 372 of the Social Services Law, upon which respondent bases his motion, has been construed to apply to records kept by the New York State Department of Social Services and not institutions. (Matter of Wade v Wade, 33 Misc 2d 212.) Since the records respondent seeks are in the custody of Spofford Juvenile Center and not the State Department of Social Services, subdivision 4 has no application herein.
Subdivision 3 of section 372 applies to records kept by institutions, such as Spofford Juvenile Center. However, disclosure under subdivision 3 is limited to a parent, relative or legal guardian of the child whose records are sought. Only after such application and a hearing may the records be disclosed to such parent, relative, legal guardian or authorized agency. Since respondent does not fall into any of these categories authorized by subdivision 3 to apply for disclosure of records, he is not a proper party and has no entitlement to them under subdivision 3 of section 372 of the Social Services Law. (1974 Opns Atty Gen 241; Matter of Wade v Wade, supra; Matter of Wasserstein v Warwick State Training School for Boys, 54 Misc 2d 948.) Though it *21 may work an injustice in the instant case, this court will not override the clear legislative distinction.
Respondent’s application herein is brought solely to obtain information about witnesses unrelated to the incident under inquiry which may be useful for impeachment purposes of such witnesses. Records of children kept pursuant to section 372 of the Social Services Law should be guarded from unauthorized disclosure. This court is not convinced by respondent’s argument that section 372 applies to this case, wherein an employee of an institution charged with a serious offense, seeks discovery of material for use at a private hearing and that the material sought is vital to his defense. Although fundamental fairness requires that one accused of misconduct be allowed at least some access to records and materials which may prove him innocent, fishing expeditions into confidential records are not to be allowed. (Matter of State of New York Div. for Youth v Horan, 56 AD2d 632.)
Access to otherwise confidential data relevant and material to determination of guilt or innocence is generally canalized within bounds of traditional evidentiary rule that governs introduction of extrinsic proof of matters collateral to issues of trial, and, hence, is a matter which rests largely on the exercise of a sound discretion by the court. (People v Ocasio, 47 NY2d 55; People v Schwartzman, 24 NY2d 241, cert den 396 US 846; People v Sorge, 301 NY 198.) Though access must be afforded to otherwise confidential data relevant and material to the determination of guilt or innocence, as for example, when a request for access is directed toward revealing specific biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand (Davis v Alaska, 415 US 308), or when it involves other information which, if known to the trier of the facts, could very well affect the outcome (United States v Garrett, 542 F2d 23; United States v Cardillo, 316 F2d 606, cert den 375 US 822); there is no such compulsion when requests to examine records are motivated by nothing more than impeachment of witnesses’ general credibility. Denial of access to confidential data is warranted in cases in which the party fails to demonstrate any theory of relevancy and *22 materiality, but instead, merely desires an opportunity for an unrestrained foray into confidential records in hope that unearthing of some unspecified information will enable him to impeach the witness. (People v Gissendanner, 48 NY2d 543.)
Accordingly, based upon the afore-mentioned, respondent’s application to compel disclosure is denied.