OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On the record it cannot be said that the courts below abused their discretion under the statute (Social Services Law, § 372, subd 3) in limiting disclosure as they have. We note in particular that the denial of additional disclosure of matters relating to petitioner’s sisters was without prejudice to his right to reapply. In such a proceeding the petitioner, being the applicant, should bear the burden of convincing the court that disclosure would be “proper”, as the statute provides. It may be that in a particular case that burden should require petitioner to show that disclosure would not be detrimental to the best interests of the children affected. However, we see no basis for imposing this obligation in every case.
Finally, insofar as the petitioner’s application could affect the welfare of his sisters, who still are infants, it would seem appropriate for the court to appoint a guardian to determine and represent their interests. This would be preferable to having the agency, which is essentially a . stakeholder, assume an adversary role on the theory that nondisclosure would always be in the best interests of children generally.
We have considered the petitioner’s other arguments and find them to be without merit.
*1011 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.