◼ In the Matter of FRANK HOWELL, Respondent, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Appellants. — Judgment of the Supreme Court, New York County (Lehner, J.), entered April 22, 1982, which, *inter alia,* granted the petition by directing respondents to comply with subpoenas duces tecum for records relating to six residents of the Arverne Diagnostic Reception Center, is modified, on the law and in the exercise of discretion, to direct preliminary inspection by Special Term of the records, *in camera,* before arbitration, and otherwise affirmed, without costs. Petitioner was employed as a house parent at the Arverne Diagnostic Reception Center, a New York City Human Resources Administration (HRA) residential facility for adolescent girls. He was charged by the HRA with serious acts of misconduct, including sexual abuse and giving illegal drugs to minor girls in his charge. Pursuant to the governing labor contract, these charges are to be adjudicated by a disciplinary arbitration. Petitioner issued subpoenas duces tecum for the production of any and all records in the possession of respondents concerning the charges against him and all records maintained relating to the six named residents of the center. Special Term directed compliance by respondents with these subpoenas duces tecum without making provision for prior judicial *in camera*

examination and redaction of any portions not necessary to the defense of the charges or inappropriate for disclosure due to their privileged nature. This was error. Petitioner did make an independent showing of necessity for inspection of otherwise confidential records. Nevertheless, there should be a preliminary "cautious screening, *in camera,* by the court." (*Matter of Louis F.,* 42 NY2d 260, 264.) The records of the residents may well include sensitive information, potentially privileged on other grounds, such as medical and psychological histories. This does not preclude the arbitrator from exercising his judgment in ruling that some of such documentary material submitted at the arbitration hearing is irrelevant or immaterial. Concur — Sandler, J. P., Asch, Silverman, Bloom and Kassal, JJ.