■ In the Matter of the Arbitration between Bettye W. Roberts, Respondent, and Sheltering Arms Childrens Service, Appellant.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on July 16, 1987, which granted the petitioner's application to compel compliance with a subpoena duces tecum to the extent of directing that respondent produce the records sought for an in camera inspection by the court, is reversed on the law, the subpoena quashed and the petition dismissed, without costs or disbursements.

Respondent Sheltering Arms Childrens Service, a not-for-profit child welfare agency providing a variety of services to children and families, is an "authorized agency" within the definition of section 371 (10) of the Social Services Law and is licensed, approved and regulated by the New York State Department of Social Services. Petitioner is president of a union which is a party to a collective bargaining agreement with respondent. On October 10, 1986, the agency was advised that one of its employees, a houseparent at a foster group home and one of petitioner's members, had improperly permitted two adolescent girls to remain overnight at a home for boys where they had slept in a room with two adolescent boys. A third female child had allegedly remained for the night in the houseparent's room and had engaged in sexual intercourse with him. During this visit, the employee had supposedly supplied the youngsters with marihuana and had encouraged them to drink beer. Following an investigation conducted in connection with this matter, respondent found that there was

sufficient evidence to substantiate the charges and terminated the employee, retroactive to October 10, 1986. The union thereupon challenged the discharge, filed a grievance and, pursuant to the collective bargaining agreement, submitted the dispute to arbitration.

Prior to the arbitration hearing, petitioner served respondent with a subpoena duces tecum demanding the production of "all notes, charts, records and other documents pertaining in whole or in part to the history, admission, care, discipline, treatment, residence and custody of [the named child witness who was scheduled to testify at the hearing] and all other former or present residents of Sheltering Arms Children's Services who will testify on behalf of the Employer". However, respondent, citing Social Services Law § 372, refused to comply with the subpoena, and the instant enforcement proceeding ensued. In that regard, the union contended in its petition that the information being sought is necessary to determine whether the witnesses involved have a history of making charges and claims against respondent's employees and whether they have "any substance abuse, physical disciplinary or psychological problem that would affect [their] willingness and ability to perceive, recollect or testify accurately." The Supreme Court granted the application to the extent of directing that respondent produce the records in question for an in camera inspection by the court, concluding that such a result was mandated by the holding in *Matter of Howell v New York City Human Resources Admin.* (97 AD2d 352, *appeal dismissed* 61 NY2d 758).

Section 372 (3) of the Social Services Law states that: "Upon application by a parent, relative or legal guardian of such child or by an authorized agency, after due notice to the institution or authorized agency affected and hearing had thereon, the supreme court may by order direct the officers of such institution or authorized agency to furnish to such parent, relative, legal guardian or authorized agency such extracts from the record relating to such child as the court may deem proper. The department [of social services] through its authorized agents and employees may examine at all reasonable times the records required by this section to be kept."

Respondent is one of those agencies required by law to maintain records with respect to any child it receives, accepts or commits (Social Services Law § 372 [1]). It is undisputed that petitioner herein is attempting to procure material kept by Sheltering Arms Childrens Service itself rather than De-

partment of Social Services records relating to that agency. However, Social Services Law § 372 (3) restricts access of an authorized agency's documents to a "parent, relative or legal guardian" of a child or to another "authorized agency". Petitioner clearly does not fit into one of these enumerated categories, and it is, therefore, not entitled to disclosure of the client records of an authorized agency *(see, Matter of Department of Juvenile Justice v George,* 111 Misc 2d 19, which, in a situation very similar to the instant matter, denied a party's application to obtain records of certain juveniles who were prospective witnesses against him). Although section 372 (3) has been construed in such a manner as to enable an individual to seek to examine his own files *(Sam v Sanders,* 80 AD2d 758, *affd* 55 NY2d 1008), the expansion of standing beyond that expressly specified in the statute has been extremely circumscribed *(see also, Matter of Louis F.,* 42 NY2d 260). As the Court of Appeals explained in *Sam v Sanders* (55 NY2d 1008, 1010, *supra),* in discussing petitioner's effort also to acquire information relating to his sisters, the burden was upon him to convince the court that disclosure would be proper and not detrimental to the best interests of the children involved.

There is certainly no claim here that production of the agency's records would be in the best interests of the child witnesses. On the contrary, petitioner's application was brought solely for the purpose of discovering information which could be used to impeach their credibility should they testify at the arbitration proceeding. Thus, even assuming that standing could somehow be found under Social Services Law § 372 (3) to permit the union to seek access to respondent's records, the case before us does not reveal any basis for granting the petition. The reason for this is that the union's subpoena duces tecum is framed in general terms and envisions a wholesale fishing expedition into the files of the nonparty witnesses in the hope of uncovering some material, still unknown, that might conceivably be helpful in attacking the children's credibility. Yet, courts have consistently disallowed such fishing expeditions as herein contemplated by petitioner *(People v Gissendanner,* 48 NY2d 543; *Matter of Gelderman,* 111 AD2d 332; *Teamsters Local 237 v Trans World Life Ins. Co.,* 88 AD2d 509; *City of New York v Friedberg & Assocs.,* 62 AD2d 407). Even in criminal prosecutions, where there is a public interest in protecting the constitutional right of accused persons to confront and cross-examine adverse witnesses, "access has been denied in cases in which the

defendant failed to demonstrate any theory of relevancy and materiality, but, instead merely desired the opportunity for an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable him to impeach the witness" *(People v Gissendanner, supra,* at 549). Finally, it should be noted that the case relied upon by the Supreme Court in rendering its decision, *Matter of Howell v New York City Human Resources Admin. (supra),* is distinguishable from the instant situation in that not only was petitioner in that matter deemed to have made an independent showing of necessity warranting an in camera inspection by the court, but, more significantly, he sought disclosure against a governmental agency rather than a private authorized agency. Production of records kept by the former is not subject to the limitations of section 372 (3) of the Social Services Law. Consequently, the union's subpoena duces tecum should have been quashed and the petition dismissed. Concur—Milonas, Rosenberger and Ellerin, JJ.

Kupferman, J. P., and Kassal, J., dissent in a memorandum by Kupferman, J. P., as follows: I would affirm.

It should be emphasized that the application was granted *only* to the extent of requiring an in camera inspection by the court. The court has the power to require such inspection. *(See, Matter of Howell v New York City Human Resources Admin.,* 97 AD2d 352, *appeal dismissed* 61 NY2d 758.) Of course, the "confidential information [should] not be easily disclosed (see Social Services Law, § 372)." *(Matter of Louis F.,* 42 NY2d 260, 264-265.)

We are not yet met with the question of whether the matter in the records will be of sufficient moment to justify making it available to the arbitrator.