◼ WAYNE KRUEGER et al., Appellants, v LOUISE WISE SER-VICES, Respondent.—In an action to recover damages for negligence in the placement of a foster child, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), dated May 30, 1986, which denied their motion for discovery and inspection of the defendant's records relating to Tuan N. and for a further examination of the defendant, and (2) from an order of the same court, dated August 27, 1986, which denied their motion for reargument.

Ordered that the appeal from the order dated August 27, 1986, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 30, 1986, is affirmed, without cost or disbursements.

Social Services Law § 372 (3) authorizes an inspection of the records of an authorized child care agency only upon the application of a parent, relative, legal guardian or authorized agency. The plaintiffs in the instant matter do not fall within any of these categories. Therefore, they lack standing to obtain such discovery and their motion was properly denied *(see, Matter of Department of Juvenile Justice v George,* 111 Misc 2d 19, 20; *Matter of Wasserstein v Warwick State Training School for Boys,* 54 Misc 2d 948; *Matter of Wade v Wade,* 33 Misc 2d 212, 214). Social Services Law § 372 (4), upon which the plaintiffs predicate their motion, refers only to the records maintained by the Department of Social Services. Our determination herein is made without prejudice to any application which may be made to review the records of the Department of Social Services.

The branch of the plaintiffs' motion which sought a further examination of the defendant by certain named individuals was also properly denied. The plaintiffs have failed to adequately demonstrate the necessity of a further deposition. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.