■ THREE VILLAGE CENTRAL SCHOOL DISTRICT OF BROOKHAVEN AND SMITHTOWN, Respondent, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Appellant.—In an action for tuition reimbursement pursuant to Education Law § 3202 (4), the defendant appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered January 23, 1989, which, upon an order granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal amount of $16,975.68.

Ordered that the judgment is affirmed, with costs.

This action was commenced by the plaintiff Three Village Central School District of Brookhaven and Smithtown (hereinafter Three Village), pursuant to Education Law § 3202 (4), for reimbursement for tuition expenses for two pupils educated by Three Village. The pupils had resided in the defendant Brentwood Union Free School District (hereinafter Brentwood) at the time that the Suffolk County Department of Social Services (hereinafter the DSS) assumed responsibility for their support and maintenance. Three Village unsuccessfully sought to add the DSS as a necessary party on the ground that it was essential to review the underlying DSS records in order to ascertain the residence of the pupils at the time they were remanded to its care.

In order to allay any fears that the pupils' residence was erroneous, the court directed the DSS to furnish Three Village

with a certification that the information contained within the form notification (see, 18 NYCRR 445.1) was correct. Three Village subsequently served a judicial subpoena duces tecum on the DSS for the production of the children's foster care records for the purpose of allowing the court to conduct an in camera inspection. The DSS successfully moved to quash the subpoena on the ground that DSS records are confidential pursuant to Social Services Law § 372 (3) and that, in any event, it had already provided the necessary notification required under 18 NYCRR 445.1.

The Supreme Court granted Three Village's motion for summary judgment since Brentwood had not presented any proof to justify its contention that the residence information furnished by the DSS was inaccurate, and awarded Three Village the principal sum of $16,975.68 for tuition reimbursement. On appeal, Brentwood argues that the court erred in finding it liable for the tuition in question pursuant to Education Law § 3202 (4) since it contends that the court should not have prevented it from questioning the issue of the children's residence. We disagree.

The decision not to allow the review of foster care records for the purpose of establishing residency, pursuant to Education Law § 3202 (4), is premised on a legitimate desire to maintain the confidentiality of those records. A showing of necessity is a required prerequisite to an in camera viewing. "To safeguard both the child and its natural parents, it is imperative that the extensive records customarily kept by authorized child care agencies, often containing probing and confidential information, not be easily disclosed (see Social Services Law § 372)." (Matter of Louis F., 42 NY2d 260, 264-265; accord, Golan v Wise Servs., 69 NY2d 343, 347.)

In the case at bar, the DSS provided Three Village with a form notification pursuant to 18 NYCRR 445.1, providing the name and address of the foster parents, as well as the name and location of the school district in which the children resided at the time they became public charges. Further, pursuant to the November 25, 1987, order of the Supreme Court, the DSS also furnished Three Village with a certification that the information contained in the notification accurately reflected and was based on the information set forth in the children's foster care files. Three Village, as the movant, had the burden of setting forth evidentiary facts to entitle it to summary judgment as a matter of law. Three Village presented proof of the residence of the children at the time they were placed in foster care in the form of the DSS

notification and certification. At that point, the burden shifted to Brentwood to come forward with proof in evidentiary form to show the existence of a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). When Brentwood failed to do so, the court properly awarded Three Village summary judgment. Kunzeman, J. P., Kooper, Eiber and Balletta, JJ., concur.