■ In the Matter of ANTHONY F. WISE, Appellant, v JOHN BATTISTONI et al., Respondents. [617 NYS2d 506] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Dutchess County Department of Social Services, dated March 3, 1992, which denied

the appellant's request for records concerning his daughter, the appeal is from an order and judgment (one paper) of the Supreme Court, Dutchess County (Hillery, J.), dated January 15, 1993, which, *inter alia*, upon granting the respondents' motion to dismiss the petition, dismissed the petition.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The appellant is an inmate at Sing Sing Prison serving a sentence of 25 years to life imprisonment. Prior to his incarceration, the appellant was married to Madeline Davis. The issue of that marriage is a daughter. In June 1990 Davis, the custodial parent, passed away. In light of her death, and the long-term incarceration of the appellant, the child was placed in the custody of the Dutchess County Department of Social Services (hereinafter DCDSS). On February 7, 1991, the appellant executed a Judicial Surrender agreement terminating his parental rights to the child, and surrendering her for adoption. In January 1992 the appellant made a request pursuant to Public Officers Law § 87 (part of the Freedom of Information Law) for DCDSS records concerning the child. The request was denied on the ground that the information was confidential. The appellant then commenced the instant proceeding seeking to overturn that determination.

Contrary to the appellant's contentions on appeal, the Supreme Court properly dismissed the petition. Public Officers Law § 87, entitled "Access to agency records", states as follows:

"2. Each agency shall, in accordance with its published rules, make available for public inspection * * * all records, except that such agency may deny access to records * * * that:

"(a) *are specifically exempted from disclosure by state * * * statute"* (emphasis added).

By operation of Social Services Law § 372 (3) and (4) the general rule is that all Department of Social Services records relating to a child, such as the one in this case, are deemed confidential and not subject to disclosure. Although the Supreme Court may order such disclosure as it deems "proper" upon application to the Supreme Court by a child's parent, relative, or legal guardian, the appellant has not made such an application *(see,* Social Services Law § 372 [3]). Even assuming, arguendo, that the request which the appellant made to the DCDSS to inspect its records is the equivalent of a formal application to the Supreme Court made pursuant to Social

Services Law § 372 (3), in light of the fact that the appellant judicially surrendered all rights to the child, he cannot meet the burden of demonstrating that disclosure to him of the DCDSS records would be "proper" *(see, Sam v Sanders,* 55 NY2d 1008).

Accordingly, since the records sought by the appellant are specifically exempt from disclosure by the Social Services Law, they cannot be obtained pursuant to a Freedom of Information Law request, and the Supreme Court properly dismissed the petition. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.