■ NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Respondent. (Action No. 1.) NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Respondent. (Action No. 2.) BOARD OF EDUCATION OF NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v BOARD OF EDUCATION OF BRENTWOOD UNION FREE SCHOOL DISTRICT et al., Respondents. (Action No. 3.) [668 NYS2d 905] In three related actions for tuition reimbursement pursuant to Education Law § 3202 (4), the plaintiffs appeal, as limited by their brief, from

so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 23, 1996, as denied that branch of their motion which was for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the motion which was for summary judgment is granted.

The appellants made out a prima facie case as to their entitlement to summary judgment on their claims for tuition reimbursement. The burden therefore shifted to the respondents to show, by admissible evidentiary proof, the existence of a factual question necessitating a trial. The respondents' proof, consisting solely of their attorney's affirmation, which was based upon only hypotheses and suppositions and lacked any admissible evidentiary material, was insufficient to meet that burden. Thus, the branch of the motion which was for summary judgment should have been granted (*see, Three Vil. Cent. School Dist. v Brentwood Union Free School Dist.*, 167 AD2d 385; *see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557). Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.