ALEXIS LLORENTE et al., Respondents, v CITY OF NEW YORK et al., Appellants. [833 NYS2d 123]—

In an action to recover damages for personal injuries, etc., (1) the defendant Little Flower Children's Services appeals from an order of the Supreme Court, Queens County (Flug, J.), dated March 14, 2006, which, in effect, upon reargument, vacated an order of the same court dated March 11, 2005 granting that branch of the plaintiffs' prior motion which was for an in camera review of its case record by the court and granting that branch of its prior cross motion which was for the appointment of a guardian ad litem for the infant plaintiff, and thereupon

directed it to disclose its entire unredacted case record to the plaintiffs, and (2) the defendants City of New York and Administration for Children's Services appeal, and the defendants Bernice Rivera and Peter Rivera separately appeal, from an order of the same court dated April 11, 2006 which granted that branch of the plaintiffs' motion which was to direct the defendant Little Flower Children's Services to disclose its entire unredacted case record to the plaintiffs. By decision and order on motion of this Court dated May 24, 2006, inter alia, enforcement of so much of the order dated March 14, 2006 as directed Little Flower Children's Services to disclose its entire unredacted case record to the plaintiffs was stayed pending hearing and determination of its appeal.

Ordered that the appeals from the order dated April 11, 2006 are dismissed; and it is further,

Ordered that the order dated March 14, 2006 is reversed, and the matter is remitted to the Supreme Court, Queens County, for the appointment of a new guardian ad litem for the infant plaintiff and for further proceedings consistent herewith, before a different Justice, and the order dated April 11, 2006, is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant Little Flower Children's Services.

The defendant Little Flower Children's Services (hereinafter Little Flower), as an authorized child care agency, is required by Social Services Law § 372 (1) to provide and keep an extensive record of any child whom it receives, accepts, or commits. Such records are confidential and subject to the provisions of CPLR article 31 (*see* Social Services Law § 372 [3]). Upon an application by a parent, relative, legal guardian, or authorized agency, the court may order disclosure of "such extracts from the record relating to such child as the court may deem proper" (Social Services Law § 372 [3]; *see Matter of Wise v Battistoni,* 208 AD2d 755, 756 [1994]; *Krueger v Louise Wise Servs.,* 143 AD2d 641, 642 [1988]). An applicant seeking disclosure bears the burden of convincing the court that disclosure of the information sought would be proper, and disclosure should be accompanied by adequate safeguards to limit as much as possible the unnecessary loss of confidentiality (*see Sam v Sanders,* 80 AD2d 758 [1981], *affd* 55 NY2d 1008 [1982]; *Matter of Carla L.,* 45 AD2d 375, 382).

Here, while the Supreme Court properly directed Little Flower to produce its case record for in camera inspection in its prior order dated March 11, 2005, the court erred in not conducting a proper in camera review of the case record, and

instead, directing Little Flower to disclose its entire unredacted case record to the plaintiffs. The court should have, inter alia, marked the record for identification, and, in the presence of the parties, identified the records without divulging content or breaching confidentiality so that Little Flower could seek a protective order pursuant to CPLR 3103 (*see Wheeler v Commissioner of Social Servs. of City of N.Y.*, 233 AD2d 4, 13 [1997]).

Additionally, under the facts of this case, a new guardian ad litem should be appointed for the infant plaintiff (*see Boyd v Trent*, 287 AD2d 475 [2001]).

The appeal by the defendants Bernice Rivera and Peter Rivera must be dismissed, as they are not aggrieved by the order dated April 11, 2006 (*see* CPLR 5511). The appeal by the defendants City of New York and Administration for Children's Services from the order dated April 11, 2006, has been rendered academic in light of our determination on the appeal by Little Flower Children's Services from the order dated March 14, 2006. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.