K.B. v SCO Family of Serv. (2018 NY Slip Op 01400)





K.B. v SCO Family of Serv.


2018 NY Slip Op 01400


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5866N 350067/12

[*1] K.B., etc., et al., Plaintiffs-Appellants,
v
SCO Family of Service, Defendant-Respondent, K.D., Defendant.


Pollack, Pollack, Isaac & De Cicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Conway, Farrell, Curtin & Kelly P.C., New York (Jonathan T. Uejio of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered November 17, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion seeking an order directing defendant SCO Family of Service (SCO) to produce the infant plaintiff's foster care records without redactions except to protect the identities of other foster children and their families, and copies of Administration for Children's Services' (ACS) records concerning its investigation of the infant plaintiffs' placement in the foster care home of defendant Dixon, unanimously reversed, on the law, without costs, plaintiffs' motion granted, and SCO is directed to produce the foster care records without redaction, except to remove the names of other foster children and their families, if any, and to produce the ACS investigative file, or an affidavit of a person with knowledge stating that the ACS file is not in SCO's possession.
Plaintiff mother seeks discovery of the infant plaintiffs' foster care records in pursuit of her claims that SCO negligently certified the individual defendant as a foster parent, and failed to properly supervise the foster home. Pursuant to Social Services Law § 372(1), SCO was required to maintain records while the children were in foster care. Those records are confidential, but are discoverable pursuant to article 31 of the CPLR (Social Services Law § 372[3]). The statutory confidentiality requirement is intended to protect the privacy of children in foster care and their natural parents (Matter of Louis F. , 42 NY2d 260, 264 [1977]; Sam v Sanders , 55 NY2d 1008 [1982]), not to prevent former foster children from obtaining access to their own records.
When a former foster child "seeks her own records, so she can further her own suit against the defendant custodian of those records, who would otherwise have unequal access to them" (Wheeler v Commissioner of Social Servs. of City of N.Y. , 233 AD2d 4, 11-12 [2d Dept 1997]), she is "presumptively entitled to her own records" and "only a powerfully compelling showing would justify the court in potentially restricting" her access to the records (id. at 12).
In this case, the court properly undertook in camera review of the foster care records to ensure that no private information of nonparties would be disclosed. However, the court erred in determining that the identities of ACS caseworkers, mental health professionals and other professionals should be redacted. Plaintiffs sought access to those witnesses to determine whether they had any relevant knowledge, and SCO did not articulate any privacy interests of those professionals that would warrant redacting their names from the foster care records. Accordingly, plaintiffs are entitled to receive the infant plaintiffs' foster care records from SCO without redactions, except to the extent indicated.
The court had previously determined that both plaintiffs and SCO were entitled to [*2]subpoena investigative records from ACS. Plaintiffs had difficulty obtaining the records from ACS and asked SCO to produce them, if it had obtained a copy itself. This was a proper request and should have been granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK