Cowan v Nassau County Dept. of Social Servs. (2022 NY Slip Op 05989)

Cowan v Nassau County Dept. of Social Servs.

2022 NY Slip Op 05989

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-02401
2022-03495
 (Index No. 900181/20)

[*1]Antonio Cowan, plaintiff, 
v
Nassau County Department of Social Services, et al., defendants, Little Flower Children and Family Services of New York, etc., appellant.

Scahill Law Group, P.C., Bethpage, NY (Francis J. Scahill and James G. Flynn of counsel), for appellant.
Levy Konigsberg, LLP, New York, NY (Anna Kull and Shaunna D. Lazzaro of counsel), for plaintiff.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Little Flower Children and Family Services of New York appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered March 24, 2022, and an amended order of the same court dated April 18, 2022. The order and the amended order, insofar as appealed from, denied stated portions of that branch of that defendant's unopposed motion which was pursuant to CPLR 3103 for a protective order with respect to certain portions of its foster care case records, and denied that branch of that defendant's unopposed motion which was, in effect, for a hearing to determine the discoverability of those records.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is reversed insofar as appealed from, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Little Flower Children and Family Services of New York.
In 1988, the plaintiff, Antonio Cowan (hereinafter Cowan), was entrusted into the care of the defendant Nassau County Department of Social Services (hereinafter DSS) as a foster child. DSS eventually placed Cowan at a group foster home facility in Wading River operated by the defendant Little Flower Children and Family Services of New York (hereinafter Little Flower). Cowan alleges that, while residing thereat, he was sexually abused by the defendant Barry Wiggins (hereinafter Wiggins), then a Little Flower employee, on multiple occasions throughout 1991 and 1992.
In September 2020, Cowan commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against DSS, Little Flower, and Wiggins by filing a summons and complaint. During discovery, Cowan sought disclosure of his foster care records from Little Flower. Little Flower thereafter moved pursuant to CPLR 3103 for a protective order with regard to "confidential" portions of those records and for an in camera inspection thereof. It also sought a hearing to determine the discoverability of the records. In support of its motion, Little Flower provided the Supreme Court with nearly 900 pages of unredacted bates-stamped records, which identified the proposed redactions therein, along with an accompanying privilege and redaction log. It also provided a copy of the log to Cowan. Cowan filed no opposition to the motion, nor did he cross-move to compel disclosure of the records. However, Cowan advised the court that he was willing to consent to some of Little Flower's proposed redactions.
By order dated March 23, 2022, the Supreme Court granted Little Flower's motion in part and denied it in part. The court conducted the requested in camera review of the records, but made a determination as to whether to impose a protective order on portions thereof without conducting a hearing, denying that branch of Little Flower's motion. The court granted that branch of the motion which sought a protective order in part by permitting redactions to those portions of the records pertaining to medical records of nonparties, while denying it in part by rejecting Little Flower's other proposed redactions. On April 18, 2022, the court issued an amended order that adhered to the original determination, except for the fact that it permitted Little Flower to also redact the names and contact information of Cowan's biological mother and grandmother, based on Cowan's consent thereto. Little Flower appeals.
Social Services Law § 372(3) requires "authorized agenc[ies]," including Little Flower, to "generate and keep records of those [children] who are placed in [their] care" (Wheeler v Commissioner of Social Servs. of City of N.Y., 233 AD2d 4, 6-7). Foster care records are deemed confidential (see Social Services Law § 372[3]), "considering that they must contain individualized and often highly personal information about the [children]" (Wheeler v Commissioner of Social Servs. of City of N.Y., 233 AD2d at 7). The confidential nature of such records serves "[t]o safeguard both the child and [his or her] natural parents" (Three Vil. Cent. School Dist. of Brookhaven & Smithtown v Brentwood Union Free School Dist., 167 AD2d 385, 386 [internal quotation marks omitted]), as well as others who may be "the subjects of such records" (Matter of Carla L., 45 AD2d 375, 382). Although foster care records are entitled to a presumption of confidentiality, they may nonetheless be deemed discoverable pursuant to the provisions of CPLR article 31 (see Social Services Law § 372[3]). Moreover, since "[the] statutory confidentiality requirement is intended [in part] to protect the privacy of children in foster care," it should not be used "to prevent former foster children from obtaining access to their own records" (K.B. v SCO Family of Serv., 159 AD3d 416, 417; see 18 NYCRR 428.8), although this does not mean that they are always entitled to unfettered disclosure thereof. Even when considering a request for disclosure from a former foster child, "[a]n agency [may] move for a protective order where some part of the record should not be produced" (Wheeler v Commissioner of Social Servs. of City of N.Y., 233 AD2d at 8 [internal quotation marks omitted]). It may be appropriate, for example, for a court to withhold "information that implicates the confidentiality, privacy, or safety of" nonparties (id. at 12; see K.B. v SCO Family of Serv., 159 AD3d at 417), including "other foster children and their families" (K.B. v SCO Family of Serv., 159 AD3d at 416-417) or even the former foster child's biological siblings, depending on the circumstances (see Sam v Sanders, 55 NY2d 1008, 1010). Moreover, any "information identifying" a former foster child's biological parents must be redacted from health or medical records contained within the foster records (see Social Services Law § 373-a; 18 NYCRR 428.8[b][2][i]; 357.3[b][6]). In order to ensure the confidentiality of records that should remain confidential, provide parties with an adequate opportunity to argue for and against disclosure, and to aid in appellate review, this Court has directed trial courts to utilize specific procedures when deciding whether to permit disclosure of foster care records (see Llorente v City of New York, 38 AD3d 617, 618-619; Wheeler v Commissioner of Social Servs. of City of N.Y., 233 AD2d at 13).
Here, the Supreme Court improvidently exercised its discretion when it declined to conduct a discoverability hearing before deciding that branch of Little Flower's motion which sought a protective order regarding the purportedly confidential portions of the records. We therefore remit [*2]the matter to the Supreme Court, Nassau County, to conduct such a hearing and to "clearly specify the grounds for its denial or approval of disclosure with respect to each document or category of documents" (Wheeler v Commissioner of Social Servs. of City of N.Y., 233 AD2d at 13).
Since Cowan failed to oppose Little Flower's motion, his arguments are improperly raised for the first time on appeal and have not been considered (see Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294).
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court