| |
|---|
| **Toptal, LLC v WorkGenius, Inc.** |
| 2024 NY Slip Op 31406(U) |
| April 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160750/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. JUDY H. KIM

*Justice*

PART          04

----------------------------------------------------------------------------X

TOPTAL, LLC,

                                          Petitioner,

                    - v -

WORKGENIUS, INC., SABAINA BUKHARI,

                                          Respondents.

----------------------------------------------------------------------------X

INDEX NO.        160750/2023

MOTION DATE      11/02/2023

MOTION SEQ. NO.     001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to                              COMPEL                              .

Petitioner Toptal, LLC ("Toptal") moves, by order to show cause to compel respondent WorkGenius, Inc. ("WorkGenius") to comply with a subpoena issued by Judicial Arbitration & Mediation Services, Inc. ("JAMS") arbitrator Christopher M. Kwok (the "Arbitrator"), in an arbitration proceeding entitled <u>Toptal, LLC v. Sabaina Bukhari</u>[1] (the "Arbitration").

In that Arbitration, Toptal alleges that respondent Sabaina Bukhari was a former Toptal employee who violated the noncompete and non-solicitation provisions of her employment agreement with Toptal by leaving Toptal to work at its competitor—respondent WorkGenius— and, thereafter, soliciting at least one member of Toptal's "talent network," Carol Oblianda. WorkGenius is not a party to the Arbitration.

---

[1] Another former Toptal employee, Yafim Strauss, was also named in this arbitration, though Toptal subsequently settled its claim against him on May 17, 2023.

**160750/2023   TOPTAL, LLC vs. WORKGENIUS, INC. ET AL**
**Motion No.  001**

On September 25, 2023, the Arbitrator issued a subpoena to WorkGenius seeking the following:

1. All employment offer letters, employment agreements, stock options agreements or applicable policies, bonus agreements or applicable policies, indemnity agreements and any other agreements concerning the terms and conditions of Bukhari's employment or any other engagement for WorkGenius, JBC, or any WorkGenius or JBC subsidiaries or affiliate.

2. All documents concerning the job description(s) or duti(ies) for any position(s) Ms. Bukhari held at WorkGenius, JBC, or any WorkGenius or JBC subsidiaries or affiliates.

3. Bukhari's W-2 and all other tax documents and records from WorkGenius, JBC, or any other entity that paid her for the year 2022.

4. All of Bukhari's paystubs from WorkGenius, JBC, or any other entity that paid her for services or work performed during the Relevant Period.

5. A report of all individuals or entities Bukhari solicited on behalf of WorkGenius, JBC, or any of their subsidiaries or affiliates to be employees, talent or customers, including the gross revenues earned by WorkGenius, JBC, or any of their subsidiaries or affiliates on account of such individuals or entities.

6. A report of all Toptal Personnel or Toptal Talent Bukhari solicited to perform services or work for WorkGenius, JBC, or any of their subsidiaries or affiliates, including the gross revenues earned by WorkGenius, JBC or any of their subsidiaries or affiliates on account of such individuals.

7. A report that details any commissions or other monetary renumeration Bukhari earned for the work or services she performed for WorkGenius, JBC, or any of their subsidiaries or affiliates.

8. Copies of all Toptal Proprietary Information provided by Bukhari to WorkGenius.

9. All communications between WorkGenius, JBC, or any of their subsidiaries or affiliates and Bukhari concerning Toptal or this Proceeding.

10. All communications between WorkGenius, JBC, or any of their subsidiaries or affiliates and Bukhari concerning or sharing Toptal Proprietary Information.

11. All communications between WorkGenius, JBC, or any of their subsidiaries or affiliates and Bukhari concerning solicitations, discussions, negotiations, offers, agreements or arrangements for Bukhari to provide services to WorkGenius or its

affiliates (including without limitation JBC), whether as an employee, independent contractor, consultant or in any other capacity.

12. All communications between WorkGenius, JBC, or any of their subsidiaries or affiliates and Bukhari concerning solicitation of any individuals known to be affiliated with Toptal based on her interactions with such individuals while employed by Toptal, information Bukhari learned while at Toptal or information available to Bukhari from LinkedIn or other public sources.

13. All communications between any other employee or independent contractor of WorkGenius, JBC or any of their subsidiaries or affiliates and Bukhari in which Bukhari requested or suggested that such other person solicit any individual who was a Toptal Talent or Toptal Personnel.

14. All communications between WorkGenius, JBC, or any of their subsidiaries or affiliates and Bukhari concerning policies, protocols or strategies with respect to soliciting, recruiting, interviewing and vetting processes for individuals who have already been approved as Toptal Talent.

15. All communications with Bukhari regarding the voluntary or involuntary termination of Bukhari's employment with WorkGenius or JBC, JBC, or any affiliate or subsidiary of WorkGenius or JBC.

16. All communications amongst WorkGenius executives and/or employees regarding the voluntary or involuntary termination of Bukhari's employment with WorkGenius or JBC, JBC, or any affiliate or subsidiary of WorkGenius or JBC.

17. All communications with Bukhari concerning the transfer of Bukhari's employment from WorkGenius to JBC as a result of this Proceeding or Order No. 2

18. All communications amongst WorkGenius executives and/or employees concerning the transfer of Bukhari's employment from WorkGenius to JBC as a result of this Proceeding or Order No. 2

19. All communications with Bukhari concerning this Proceeding or WorkGenius' agreement to indemnify or defend claims by Toptal against Bukhari.

20. All communications amongst WorkGenius executives or employees concerning this Proceeding or WorkGenius' agreement to indemnify or defend claims by Toptal against Bukhari.

21. All records of payments made by WorkGenius, JBC, or any of their subsidiaries or affiliates to Bukhari or on her behalf in connection with the duty to indemnify or defend Bukhari.

**160750/2023   TOPTAL, LLC vs. WORKGENIUS, INC. ET AL**                                    **Page 3 of 7**
**Motion No.  001**

3 of 7

[* 3]

22. All communications between Bukhari and WorkGenius, JBC, or any other entity or individual concerning Order No. 2.

23. All communications amongst WorkGenius executives and/or employees concerning Order No. 2.

24. All communications between Strauss and Bukhari concerning Toptal or this Proceeding.

25. All communications between Strauss and Bukhari concerning Bukhari's employment by WorkGenius, JBC, or any of their subsidiaries or affiliates.

26. All communications between Strauss and Bukhari concerning solicitation of any Toptal Talent, Toptal Client, or Toptal Personnel.

27. All communications between Strauss and Bukhari concerning Oblianda.

28. All communications between Oblianda and Bukhari or Strauss.

29. All communications between Bukhari or Strauss and anyone affiliated with WorkGenius, JBC, or any of their subsidiaries or affiliates regarding Oblianda.

30. All communications amongst WorkGenius executives and/or employees regarding Oblianda.

31. The WorkGenius or JBC contract or offer letter sent by Bukhari to Oblianda.

32. All communications sent by Bukhari during the period of her employment by WorkGenius, JBC, or any other entity to any Toptal Talent, Toptal Client, or Toptal Personnel, including without limitation through LinkedIn.

33. All communications sent by Bukhari during the period of her employment by WorkGenius, JBC or any of their subsidiaries or affiliates to any of the persons identified in Appendix 1, including without limitation through LinkedIn.

34. A report of the gross revenues earned by WorkGenius, JBC, or any of their subsidiaries or affiliates on account of their engagement of any of the persons identified in Appendix 1.

35. All documents and communications concerning any compensation paid or to be paid to you by WorkGenius, JBC, or any other entity to or on behalf of Bukhari since the issuance of Order No. 2.

36. Documents evidencing the various industries and geographical covered by Bukhari's position of Director of Talent Operations at WorkGenius.

**160750/2023   TOPTAL, LLC vs. WORKGENIUS, INC. ET AL**
**Motion No.  001**

**Page 4 of 7**

4 of 7

(NYSCEF Doc. No. 2 [Subpoena]).

WorkGenius objected to this subpoena and refused to respond. As a result, petitioner commenced this special proceeding on December 2, 2023. In opposition, WorkGenius argues first that the Court lacks jurisdiction because the only mechanism by which Toptal may compel compliance with the subpoena is by petitioning the United States District Court for the Southern District of New York, but that even setting this aside, the petition must be denied because the documents sought in the subpoena are not material and necessary to the Arbitration as they either: (1) overlap with the documents already produced by Bukhari, (2) are already in Toptal's possession, or (3) are within Toptal's power to obtain without WorkGenius.

## DISCUSSION

The petition is granted, in part.

As an initial matter, while petitioner characterizes its petition as seeking discovery in aid of arbitration pursuant to CPLR §3102, the procedural posture of this matter makes it clear that petitioner is, in fact, seeking an order compelling compliance with the Arbitration subpoena pursuant to CPLR §2308 (See e.g. Tullett Prebon Fin. Services LLC v Tradition Asiel Sec., Inc. 2013 WL 875780 [Sup Ct, NY County 2013]). As such, the relevant standard to be applied is whether the material sought in the subpoena is material and necessary for party discovery (See Matter of Kapon v Koch, 23 NY3d 32, 36 [2014]; see also Reuters Ltd. v Dow Jones Telerate, Inc., 231 AD2d 337, 345 [1st Dept 1997]) rather than "exceptional circumstances" in assessing the propriety of discovery pursuant to CPLR §3102 (See Howell v New York City Human Resources Admin., 112 Misc 2d 351, 353 [Sup Ct, NY County 1981] ["[s]ubpoenas are not disclosure devices and the principles applicable to disclosure in aid of arbitration have no bearing on a motion to compel under CPLR 2308(b)"], aff'd as mod, 97 AD2d 352 [1st Dept 1983]).

**160750/2023   TOPTAL, LLC vs. WORKGENIUS, INC. ET AL**
**Motion No.  001**

**Page 5 of 7**

5 of 7

Applying the material and necessary standard, the Court concludes that items 12, 13, 14 and 26-32 are material and necessary insofar as they are relevant to petitioner's claims against Bukhari and it is undisputed that Bukhari does not have access to her work emails from her time at WorkGenius (See NYSCEF Doc. No 28 [November 13, 2023 letter]). However, the remainder of the items sought in the subpoena are either irrelevant or drastically overbroad (See e.g., Hire Counsel New York LLC v Owens, 2012 NY Slip Op 32009[U] [Sup Ct, NY County 2012] [in action for breach of employment agreement, plaintiff's demands on its competitor, a non-party, for "emails, sales activity logs, call reports and agreements, concerning [competitor's] provision of any services" to various entities and individuals as well as all documents "[c]oncerning income earned and profits received by [competitor] deriving from business services rendered to each of [these entities and individuals]" were stricken as overly broad or irrelevant]). Accordingly, the Court grants the petition only as to item numbers 12-14 and 26-32 of the subpoena[2] (See CPLR §3103(a); see also Pepsi-Cola Bottling Co. of New York, Inc. v New York Pepsi-Cola Distributors Assn., Inc., 172 AD3d 540 [1st Dept 2019]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is granted, in part, to the extent set forth above; and it is further

**ORDERED** that petitioner shall serve a copy of this decision, order, and judgment, with notice of entry, on respondents as well as on the Clerk of the Court (60 Centre St., Room 141B)

---

[2] The Court is not persuaded by respondent's claim that the United States District Court for the Southern District of New York is the exclusive avenue for petitioner to pursue the relief sought herein. Respondent is correct that the arbitration agreement between petitioner and Bukhari is to be "governed and construed in accordance with the Federal Arbitration Act" (NYSCEF Doc. No. 6 [Mutual Arbitration Agreement at ¶ 13]) and that the Federal Arbitration Act provides an avenue to enforce an arbitral subpoena (See 9 USC §7). However, the Federal Arbitration Act only preempts state law that "actually" conflicts with it (Gerling Global Reinsurance Corp. v. Home Ins. Co., 302 AD2d 118, 125 [1st Dept 2002]) and, as nothing in the Federal Arbitration Act indicates that 9 USC §7 is the exclusive avenue to compel a response to an arbitral subpoena, the Court sees no conflict precluding this special proceeding.

**160750/2023   TOPTAL, LLC vs. WORKGENIUS, INC. ET AL**                    **Page 6 of 7**
**Motion No.  001**

and the Clerk of the General Clerk's Office (60 Centre St., Room 119) within ten days of the date of this decision, order, and judgment; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that respondent shall, within thirty days of petitioner's service of a copy of this decision, order, and judgment, with notice of entry, produce all documents responsive to items 12-14 and 26-32 of the subpoena duces tecum issued by Arbitrator Christopher M. Kwok on September 25. 2023; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the decision, order, and judgment of the Court.

| **4/22/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160750/2023   TOPTAL, LLC vs. WORKGENIUS, INC. ET AL**
**Motion No.  001**

Page 7 of 7

7 of 7